UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

JOHN UMBARGER,  )
                )
        Plaintiff,  ) Case No. 1:12-cv-603
                )
v.              ) Honorable Robert Holmes Bell
                )
STATE OF MICHIGAN, et al.,  ) **REPORT AND RECOMMENDATION**
                )
        Defendants.  )
_____  )

This is one of several civil rights actions brought by a former state prisoner in the wake of his release from prison. Plaintiff is a convicted sex offender who filed this lawsuit in June 2012, two months after he was discharged from parole. This court found in a previous case:

> In 1996, [plaintiff] was convicted in Kent County Circuit Court of three counts of first-degree criminal sexual conduct with a person under thirteen years of age, Mich. Comp. Laws § 750.520b(1)(a), and one count of second-degree criminal sexual conduct with a person under thirteen years of age, Mich. Comp. Laws § 750.520c(1)(a), for acts committed in 1994. He was sentenced to concurrent prison terms for each count. On April 20, 2010, he was released on parole, and on April 2[0], 2012, he completed the terms of his sentence and parole and was discharged from both.

*Umbarger v. State of Michigan*, No. 1:12-cv-705, 2013 WL 444024, at * 1 (W.D. Mich. Feb. 5, 2013). Plaintiff believes that he should have been released on parole and discharged from parole on earlier dates. Specifically, he claims that he should have been paroled on August 27, 2009, and discharged from parole on Friday, April 20, 2012, rather than Monday, April 23, 2012.[1] (Compl. at

---

[1]The latter claim may be rooted in a typographical error in the court's opinion in case no. 1:12-cv-705, in which the date of plaintiff's release from parole and discharge from sentence was listed as April 23, 2012, rather than April 20, 2012. Plaintiff's own exhibits undermine any claim against defendants based on the date discrepancy. Exhibit P shows that plaintiff's parole expired and

7-13, ID#s 7-13). Plaintiff's complaint invokes "42 USC § 1983, § 1985, § 1986, Michigan Compiled Law[s §] 791.236, the Due Process of Law provisions of the Michigan['s Constitution, Article 1 § 17] and the United States [14th Amendment] Constitution[], the Declaration of Independence, and International Law [U.N. Universal Declaration of Human Rights; Article 9]." (Compl. at 2, docket # 1, ID# 2). Plaintiff names twelve defendants in his complaint:

    (1)    State of Michigan;

    (2)    Michigan Department of Corrections (MDOC);

    (3)    Governor Rick Snyder;

    (4)    Former Governor Jennifer Granholm;

    (5)    MDOC Director Daniel Heyns;

    (6)    Former MDOC Director Dick McKeon;

    (7)    Former MDOC Director Patricia Caruso;

    (8)    MDOC Parole Board Chairman Thomas Combs;

    (9)    Former Parole Board Chairman Barbara Sampson;

    (10)    Parole Board Member James E. Atterberry;

    (11)    Warden of the Ryan Road Correctional Facility (RRF) Raymond Booker; and

    (12)    Warden of the Marquette Correctional Facility (MBP) Gerald Hofbauer.

---

his sentence was discharged on April 20, 2012. (docket # 1-4, ID# 62). In other opinions, this court has recognized that April 20, 2012, was the date that plaintiff was released from parole and his sentence was discharged. *See*, *e.g.*, *Umbarger v. Hofbauer*, No. 2:09-cv-269, 2012 WL 3527281, at * 1 (W.D. Mich. Aug. 15, 2012)("Umbarger's parole under Michigan law was terminated on April 20, 2012. His Michigan sentence was fully discharged on April 20, 2012, and he is no longer on parole.").

All defendants are sued "in their Individual and Professional capacities." (Compl. at 1, docket # 1, ID# 1). Plaintiff seeks "two million ($2,000,000.00)" in damages and a declaration that an "original Order of Parole was a lawful and valid Order of Parole." (*Id.* at 15, ID# 15).

The matter is before the court on a Rule 12(b)(6) motion to dismiss by all defendants other than defendants Atterberry and Hofbauer. (docket # 15). Plaintiff has filed his response (docket # 19). For the reasons set forth herein, I recommend that all plaintiff's claims for declaratory relief be dismissed as moot. I further recommend that all plaintiff's claims against the State of Michigan, the MDOC, and all his claims for damages against all other defendants in their official capacities be dismissed with prejudice because they are barred by sovereign immunity. I further recommend that plaintiff's claims against defendants Atterberry and Hofbauer in their individual capacities be dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure.[2] I further recommend that defendants' Rule 12(b)(6) motion be granted and that all plaintiff's claims against the moving defendants be dismissed with prejudice.

### **Rule 12(b)(6) Standard**

Rule 12(b)(6) authorizes dismissal for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544,

---

[2]Defendants Atterberry and Hofbauer have never been served with process or otherwise appeared in this lawsuit. I recommend that all plaintiff's claims against these defendants be dismissed under Fed. R. Civ. P. 4(m) for failure to make service. *See Joyner v. MERS*, 451 F. App'x 505, 506 (6th Cir. 2011). This report and recommendation serves as plaintiff's notice of the impending dismissal of all his claims against defendants Atterberry and Hofbauer.

555 (2007) (citing FED. R. CIV. P. 8(a)(2)); *see Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. The court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *See Reilly v. Vadlamudi*, 680 F.3d at 622. The court need not accept as true legal conclusions or unwarranted factual inferences. *Berrington v. Wal-Mart Stores, Inc.*, 696 F.3d 604, 607 (6th Cir. 2012). *Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even the lenient treatment generally given *pro se* pleadings has its limits. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at 570; *see Erie County, Ohio v. Morton Salt, Inc.*, 702 F.3d 860, 867 (6th Cir. 2012). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Plausibility requires showing more than the 'sheer possibility' of relief but less than a 'probab[le]' entitlement to relief." *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010)(quoting *Iqbal*, 556 U.S. at 678). Where a complaint pleads facts that are merely consistent with a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. 678 (quoting *Twombly*, 550 U.S. at 557).

**Plaintiff's Allegations**

In 1996, plaintiff was convicted of three counts of first-degree criminal sexual conduct with a person under thirteen years of age, MICH. COMP. LAWS § 750.520b(1)(a), and one count of second-degree criminal sexual conduct with a person under thirteen years of age, MICH. COMP. LAWS § 750.520c(1)(a). He was sentenced to 15-to-45 years' imprisonment on his first-degree criminal sexual conduct convictions and 10-to-15 years' imprisonment on his second-degree criminal sexual conduct conviction, all sentences to be served concurrently.[3] *Umbarger v. State of Michigan*, No. 1:12-cv-705, 2013 WL 444024, at * 1 (W.D. Mich. Feb. 5, 2013); *People v. Umbarger*, Nos. 197818, 197819, 1999 WL 33437813 (Mich. Ct. App. Aug. 13, 1999). Plaintiff was not successful in challenging his convictions and sentence in Michigan's courts. *People v. Umbarger*, 1999 WL 33437813. On August 19, 2008, this court dismissed his habeas corpus petition because it was barred by the statute of limitations. *Umbarger v. Burt*, No. 1:08-cv-637, 2008 WL 3911988 (W.D. Mich. Aug. 19, 2008).

Plaintiff "received a Parole Board Notice dated April 22, 2009, which projected a parole date of August 27, 2009, to begin a 24 month parole term. On May 7, 2009, the projected date of parole became a fixed date of parole to begin on August 27, 2009. On July 29, 2009, the

---

[3]The court takes judicial notice of its own records and those of the Michigan courts which establish the framework within which plaintiff's allegations must be considered. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004). The Sixth Circuit recognizes that, in addition to the allegations of the complaint, the court "may also consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Ashland, Inc. v. Oppenheimer & Co.*, 648 F.3d 461, 467 (6th Cir. 2011). Further, under Rule 10(c), the court can consider the exhibits attached to the complaint without converting defendants' Rule 12(b)(6) motion into a motion for summary judgment. FED. R. CIV. P. 10(c); *see Koubriti v. Convertino*, 593 F.3d 459, 462 n.1 (6th Cir. 2010) ("Documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss.").

Parole Board deferred [plaintiff's] parole until he completed additional pre-release programming. . . . On February 12, 2010, [plaintiff] received another fixed parole date of April 20, 2012." *Umbarger v. Michigan Dep't of Corr.*, No. 2:09-cv-269, 2011 WL 765670, at * 1 (W.D. Mich. Feb. 24, 2011)(*see* Compl. Ex. D, docket # 1-3, ID#s 25-29; Compl. Ex. H, docket # 1-4, ID#s 42-43; Compl. Exs. M and N, docket # 1-4, ID#s 53-62). Parole Board Member Atterberry's name appears on the deferral notice that plaintiff received in 2009. (Compl. at 5, docket #1, ID#5; Compl. Ex. H, docket # 1-4, ID# 42).

On April 20, 2010, plaintiff was released on parole, and on April 20, 2012, he completed the terms of his sentence and parole and was discharged from both.[4] *See Umbarger v. Hofbauer*, 2012 WL 3527281, at * 1.

## Discussion

1.   Mootness

Plaintiff's has served his sentence and been discharged from parole. All his claims for declaratory relief regarding his parole and parole discharge dates are moot. *See Herbst v. Sevier*,

---

[4]I am cognizant that on page 7 of the complaint, plaintiff states that he was "discharged from parole on 4/23/2012," but this allegation is completely undermined by his own exhibit showing that the discharge occurred on April 20, 2012. (Compl. Ex. P, docket # 1-4, ID# 62). Further, on page 12 of the complaint, plaintiff alludes to a conversation that he had at some unspecified time with a parole officer during which the officer stated that there was nothing he could do about terminating plaintiff's parole. (Compl. at 12, ID# 12). This allegation fails to state a claim against any defendant.

Plaintiff remains subject to obligations under the Sex Offenders Registration Act (SORA), MICH. COMP. LAWS §§ 28.721, *et seq.,* and the Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. §§ 16901, *et seq*. Earlier this year, the court dismissed a lawsuit by plaintiff asking for entry of an order requiring the State of Michigan and the United States Attorney General to release him from the requirements of SORA and SORNA. *Umbarger v. State of Michigan*, 2013 WL 444024.

430 F. App'x 530, 531 (7th Cir. 2011); *accord Long v. United States Parole Comm'n*, No. 04-cv-74832, 2007 WL 3203124, at * 1 (E.D. Mich. Oct. 31, 2007).

    2.    <u>Sovereign Immunity</u>

All plaintiff's claims against the State of Michigan and the MDOC are barred by Eleventh Amendment immunity. Reference to the State's immunity from suit as Eleventh Amendment immunity is a "convenient shorthand" for "the sovereign immunity of the States [that] neither derives from, nor is limited by, the terms of the Eleventh Amendment" but is "a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today ... except as altered by the plan of the Convention or certain constitutional Amendments." *Alden v. Maine*, 527 U.S. 706, 712-13 (1999). "Immunity from private suits has long been considered central to sovereign dignity." *Sossaman v. Texas*, 131 S. Ct. 1651, 1657 (2011). The Eleventh Amendment bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The State of Michigan has not consented to civil rights suits in federal court. *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004).

Plaintiff's claims for damages against all other defendants in their official capacities are barred by Eleventh Amendment immunity. A suit against a state officer in his or her official capacity is simply another way of pleading an action against the State. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *VIBO Corp. v. Conway*, 669 F.3d 675, 691 (6th Cir. 2012). Furthermore, States and their departments are not "persons" within the meaning of 42 U.S.C. § 1983.

*See Will v. Michigan Dep't of State Police*, 491 U.S. at 71. Defendants are entitled to dismissal with prejudice of all plaintiff's claims for monetary damages against them in their official capacities.

        3.      Parole Board Chairmen Combs and Sampson

Parole Board Chairman Thomas Combs and Former Parole Board Chairman Barbara Sampson are named as defendants in the caption of the complaint. The body of the complaint contains no specific factual allegations against these defendants. A complaint that merely names a person as a defendant without alleging specific conduct by that individual is subject to summary dismissal. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Cameron v. Howes*, No. 1:10-cv-539, 2010 WL 3885271, at * 6 (W.D. Mich. Sept. 28, 2010) (collecting cases). Plaintiff's complaint makes numerous references to the "Parole Board" or "Board," but any claim against the Board itself, an arm of State government, is barred by Eleventh Amendment Immunity. *See Harrison v. Mich.*, 722 F.3d 768, 771 (6th Cir. 2013) ("The district court correctly held that the State, MDOC, and the state parole board were immune from suit under the Eleventh Amendment.").

In addition, members of a parole board have absolute immunity from damages liability for actions taken in the performance of their duties regarding the decision to grant or deny release on parole, because that task is functionally comparable to that of a judge. *See Hawkins v. Morse*, No. 98–2062, 1999 WL 1023780, at *1 (6th Cir. Nov. 4, 1999); *Tillman v. Price*, No. 96–2032, 1997 WL 225993, at * 1 (6th Cir. May 5, 1997); *Ward v. Moss*, No. 94–1417, 1994 WL 664948, at * 1 (6th Cir. Nov.23, 1994); *accord Wilson v. Kelkhoff*, 86 F.3d 1438, 1444 (7th Cir. 1996); *Anton v. Getty*, 78 F.3d 393, 396 (8th Cir. 1996). The actions taken by the defendant Parole

Board members were in their quasi-judicial function of deciding whether and when plaintiff would be released on parole. I find that defendants Combs and Sampson are entitled to absolute immunity.

    4.    <u>Defendants Snyder, Granholm, Heyns, McKeon, Caruso, and Booker</u>

Plaintiff's complaint fails to state a claim on which relief can be granted against defendants Snyder, Granholm, Heyns, McKeon, Caruso, and Booker.

    A.    Declaration of Independence and Universal Declaration of Human Rights (UDHR)

"There is no private right of action to enforce the Declaration of Independence." *Black v. Simpson*, No. 3:07CV-P354, 2008 WL 544458, at * 2 (W.D. Ky. Feb. 27, 2008); *see Madden v. Philadelphia Parking Auth.*, No. 09-5846, 2010 WL 2431832, at * 3 n.6 (E.D. Pa. June 14, 2010); *Coffey v. United States*, 939 F. Supp. 185, 191 (E.D.N.Y. 1996) ("While the Declaration of Independence states that all men are endowed certain unalienable rights including 'Life, Liberty and the pursuit of Happiness,' it does not grant rights that may be pursued through the judicial system."). Similarly, there is no cause of action in federal court under the Universal Declaration of Human Rights (UDHR). *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 735 (2004); *Shibeshi v. United States*, 920 F. Supp. 2d 105, 107-08 (D. D.C. 2013); *see also Gamble v. Kentucky*, No. 3:12cv-P480, 2013 WL 75066, at * 2 (W.D. Ky. Jan. 4, 2013); *Bey v. New York*, No. 11-cv-3296, 2012 WL 4370272, at * 7 (E.D.N.Y. Sept. 21, 2012).

    B.    42 U.S.C. §§ 1983, 1985, and 1986

Plaintiff has not alleged facts sufficient to state a claim under 42 U.S.C. §§ 1983, 1985, 1986. *See Radvansky v. City of Olmstead Falls*, 395 F.3d 291, 314-15 (6th Cir. 2005); *see*

*also Thurmond v. County of Wayne*, 447 F. App'x 643, 650 (6th Cir. 2011); *Taylor v. Williams*, No. 1:12-cv-281, 2012 WL 6201208, at * 16-17 (W.D. Mich. Dec. 12, 2012). Beyond a conclusory allegation of a vast conspiracy by the governor and former governor, MDOC director and former directors, the parole board chairman and former chairman, a parole board member and two prison wardens, plaintiff alleges no active conduct by any moving defendant named in his complaint. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior* or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir.2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899. "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that any of the moving defendants engaged in active unconstitutional behavior.

Further, to state a claim for conspiracy, a plaintiff must plead with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 564-66 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). Plaintiff's complaint fails to allege facts sufficient to state a claim under 42 U.S.C. §§ 1983, 1985, and 1986.

C.     Michigan's Constitution and Mich. Comp. Laws § 791.236

Plaintiff alleges that defendants violated his rights under Michigan's Constitution and Mich. Comp. Laws § 791.236. The statute invoked by plaintiff does not create a private cause of action for damages. Michigan law does not recognize a cause of action for damages resulting from alleged violation of the State's Constitution. *See Jones v. Powell*, 612 N.W.2d 423, 426-27 (Mich. 2000); *Smith v. Department of Public Health*, 410 N.W.2d 749 (Mich. 1987); *see also See Krause v. Jones*, No. 12-cv-10265, 2013 WL 4427609, at * 1 n.1 (E.D. Mich. Aug. 15, 2013); *Ritchie v. Coldwater Cmty. Sch.*, No. 1:11-cv-530, 2012 WL 2862037, at * 23 (W.D. Mich. July 12, 2012).

D.     Due Process

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."[5] *Crump v. Lafler*, 657 F.3d 393, 397 (6th Cir. 2011) (quoting *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)) (internal quotation marks omitted); *see Bush v. Heyns*, No. 1:13-cv-347, 2013 WL 1819219, at * 5 (W.D. Mich. Apr. 29, 2013) (until the prisoner had served his "maximum sentence, he ha[d] no reasonable expectation of liberty.").

"Procedural due process protections only apply to property and liberty interests recognized by the Fifth and Fourteenth Amendments." *Janosek v. City of Cleveland*, 718 F.3d 578, 582 (6th Cir. 2013) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972)). The plaintiff "must establish the existence of a legitimate claim of entitlement, not merely state '[a]n

---

[5] The State of Michigan could have held plaintiff in prison until 2041, when the maximum sentence the trial court imposed on his first-degree criminal sexual conduct conviction would have expired. *See* 8/7/96 Judgment of Sentence Commitment to Corrections Department (found in case no. 1:12-cv-705, docket # 1-2, ID# 18).

abstract need or unilateral expectation.'" *Janosek*, 718 F.3d at 582 (quoting *Richardson v. Twp. of Brady*, 218 F.3d 508, 517 (6th Cir. 2000)). "A government entitlement is not provided due process protections if 'government officials may grant or deny it in their discretion.'" *Janosek*, 718 F.3d at 582 (quoting *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 756 (2005)). "Nor may a plaintiff assert a property right in government procedures themselves." *Janosek*, 718 F.3d at 582.

To establish a procedural due process violation, a plaintiff must prove that (1) he was deprived of a protected liberty or property interest, and (2) such deprivation occurred without the requisite due process of law.[6] *See Fields v. Henry County, Tenn.*, 701 F.3d 180, 185 (6th Cir. 2012); *see also Jasinski v. Tyler*, No. 10-2751, __ F.3d __, 2013 WL 4711097, at * 8 (6th Cir. Sept. 3, 2013). Plaintiff fails to raise a claim of constitutional magnitude, because he had no liberty interest in parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz*, 442 U.S. at 7. Although a state may establish a parole system, it has no duty to do so; thus, the presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release. *Id.* at 7, 11; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991). It is well established that Michigan prisoners do not have a liberty interest in parole. *See Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (*en banc*); *see also Crump v. Lafler*,

---

[6] "Only after a plaintiff has met the burden of demonstrating that he possessed a protected property or liberty interest and was deprived of that interest will the court consider whether the process provided the plaintiff in conjunction with the deprivation, or lack thereof, violated his rights to due process." *600 Marshall Entm't Concepts, LLC v. City of Memphis*, 705 F.3d 576, 588 (6th Cir. 2013)(quoting *Warren v. City of Athens, Ohio*, 411 F.3d 697, 708 (6th Cir. 2005)).

657 F.3d 393, 404 (6th Cir. 2011); *accord Stornello v. Department of Corr.*, No. 309636, 2013 WL 951174 (Mich. Ct. App. Feb. 19, 2013).

Plaintiff's position appears to be that he should have been released on parole at an earlier date. But Michigan prisoners have no legitimate expectation of parole; until such time as they are actually released on parole, no liberty interest attaches. Plaintiff's disagreement with the discretionary decision whether to release him on parole involves no federally recognized liberty interest. In the absence of a liberty interest, plaintiff fails to state a claim for a violation of his procedural due-process rights. *Foster v. Booker*, 595 F.3d 353, 362, 368 (6th Cir. 2010); *see also Taylor v. Graves*, 515 F. App'x 574, 576 (6th Cir. 2013) ("Michigan's parole system is discretionary and [a prisoner] lacks a constitutionally protected right to parole under that system.").

**Recommended Disposition**

For the foregoing reasons, I recommend that all plaintiff's claims for declaratory relief be dismissed as moot. I further recommend that plaintiff's claims against the State of Michigan, the MDOC, and all his claims for damages against the other named defendants in their official capacities be dismissed with prejudice because they are barred by sovereign immunity. I further recommend that plaintiff's claims against defendants Atterberry and Hofbauer in their individual capacities be dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure, for lack of service of process. This report and recommendation serves as plaintiff's notice of impending dismissal. I further recommend that defendants' Rule 12(b)(6) motion be granted and that all plaintiff's claims against the moving defendants be dismissed with prejudice.

Dated: September 17, 2013         /s/ Joseph G. Scoville
                                  United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).